UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS ALBERI,
                  Plaintiff,

-v-

AEROJET ROCKETDYNE, INC.,
                  Defendant.

22-MC-90 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    This miscellaneous action arises from a subpoena commanding Plaintiff Thomas Alberi to appear for a deposition in this district for a civil action pending in the United States District Court for the Eastern District of California. Pending before the Court is Alberi's motion to quash the subpoena and Defendant Aerojet Rocketdyne Inc.'s motion to transfer under Federal Rule of Civil Procedure 45(f). For the reasons that follow, Aerojet's motion to transfer is granted and Alberi's motion to quash the subpoena is transferred to the Eastern District of California.

## I.    Background[1]

    In the underlying litigation, Aerojet seeks indemnity from its liability insurers for more than $30 million that it paid to a non-party to settle a long-standing business dispute. (Dkt. No. 3 at 2–3.) Aerojet previously presented its lead insurer, Global Aerospace, Inc. ("Global"), with an indemnity claim. (Dkt. No. 3 at 3.) Global, aided by outside counsel Condon & Forsyth LLP, began an investigation of Aerojet's claim in 2015 and ultimately disclaimed coverage in a letter

---

[1] The following facts, unless otherwise noted, are drawn from Alberi's opening memorandum of law in support of his motion to quash the subpoena. (Dkt. No. 3.) Aerojet "generally accepts the law and facts set forth in [Alberi's] Motion." (Dkt. No. 7 at 2.)

1

to Aerojet in 2016.  (Dkt. No. 3 at 1, 3, 5.)  Aerojet's subsequent suit, filed in 2017 and currently pending before Chief Judge Mueller of the Eastern District of California, includes an alleged bad faith denial of coverage claim.  (Dkt. No. 3 at 3–4.)

In 2019, Aerojet filed a motion to compel seeking Condon & Forsyth's files and communications with Global related to the investigation of Aerojet's indemnity claim.  (Dkt. No. 3 at 4.)  Global, which is also represented by Condon & Forsyth in the underlying litigation, asserted attorney-client privilege and work product protection over the requested discovery.  *Id.*  Magistrate Judge Claire of the Eastern District of California then issued an order granting Aerojet's motion, concluding that the discovery was not privileged and was not made in anticipation of litigation.  Magistrate Judge Claire's order applied only to discovery from the start of Global's claim investigation in 2015 to when it issued its denial letter to Aerojet in 2016.  (Dkt. No. 3 at 4–5.)  Chief Judge Mueller later overruled Global's objections to Magistrate Judge Claire's order.  *Id.*

In January 2022, over another objection of privilege by Global, Chief Judge Mueller approved Aerojet's request to "conduct up to five depositions of Condon & Forsyth personnel involved in the claims investigation."  (Dkt. No. 3 at 6.)  Judge Mueller's order also prohibited Aerojet from seeking any discovery of Condon & Forsyth in its capacity as trial counsel in the underlying litigation.  *Id.*  Following this January 2022 order, Aerojet subpoenaed Alberi, a litigation support manager of Condon & Forsyth, to appear for a deposition in this district.  (Dkt. No. 3 at 9.)  Alberi joined Condon & Forsyth in 2018, more than three years after Global hired Condon & Forsyth to assist in its investigation of Aerojet's indemnity claim and nearly two years after Global disclaimed coverage of the claim.  (Dkt. No. 3 at 5.)

Alberi now moves to quash the subpoena (Dkt. No. 1) and Aerojet moves to transfer Alberi's motion to the Eastern District of California (Dkt. No. 7).

**II.     Discussion**

Federal Rule of Civil Procedure 45 governs subpoenas. Rule 45(f) permits a court to transfer subpoena-related motions to the court where the underlying action is pending "if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Comments to Rule 45 provide guidance on what constitutes "exceptional circumstances." The Comments explain that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Committee Comments to 2013 Amendment to Fed. R. Civ. P. 45. But "[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* In such cases, transfer is appropriate only "if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.* A transfer may be appropriate when the judge to whom the motion is transferred "is familiar with the issues presented by the pending motion" based on prior experience with the case, including "similar discovery requests." *N. Atl. Operating Co. v. Dunhuang Grp.*, No. 18 Misc. 154, 2018 WL 3381300, at *2 (D. Del. July 11, 2018).

After considering the parties' arguments and supporting authority, the Court concludes that exceptional circumstances warrant a transfer of Alberi's motion to the Eastern District of California. This action involves complex issues — namely, permitting a party to conduct limited discovery of an adverse party's counsel and deciding to what extent attorney-client privilege and work product protection shield the adverse party's counsel from this discovery — that have been

3

before Chief Judge Mueller and Magistrate Judge Claire several times since 2019.  Indeed, it appears that these issues are not yet fully resolved:  defendants in the underlying action intend to file a motion for reconsideration of an order by Magistrate Judge Claire regarding the scope of privileged testimony for a deposition of another Condon & Forsyth employee.  (Dkt. No. 9 at 2.) Moreover, Aerojet seeks to depose Alberi pursuant to Chief Judge Mueller's January 2022 order granting Aerojet leave to conduct "up to five depositions of Condon & Forsyth personnel involved in the claims investigation."  (Dkt. No. 5-2 at 8.)  Alberi asserts that he is an improper deponent for several reasons, including that he was not involved in the claims investigation because he started working at Condon & Forsyth years after the investigation.  (Dkt. No. 3 at 11.)  Aerojet counters that its bad faith denial of coverage claim includes Global's alleged ongoing attempts to conceal its claim investigation from discovery.  If allowed to depose Alberi, Aerojet intends to ask him about Global's previous productions of claim investigation materials that he assisted with as an employee of Condon & Forsyth.  (Dkt. No. 7 at 7–9.)

Chief Judge Mueller's January 2022 order explicitly identifies two employees of Condon & Forsyth, neither of whom is Alberi, as appropriate deponents.  (Dkt. No. 5-2 at 8.)  Since Chief Judge Mueller granted Aerojet up to five depositions, however, the two named employees in her order naturally do not compose an exhaustive list of appropriate deponents.  Chief Judge Mueller is therefore best equipped to determine the propriety of Aerojet's deposing Alberi.  *See SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19 Misc. 130, 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019) (transferring a case in which "the Court's ultimate ruling may conflict with any ruling that the [issuing court] may have made on this particular issue").

Additionally, the Court concludes that judicial economy and consistency considerations outweigh any potential burden that a transfer may place on Alberi.  This potential burden is

especially minimal in light of the fact that Alberi's counsel, Condon & Forsyth, represents defendants in the underlying action. *See Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 518 (S.D. Fla. 2021) ("[T]here is no burden or prejudice [to the local deponent] to have the [issuing court] resolve this matter upon transfer, especially since [the local deponent's] counsel are the very same lawyers who represent the defendants in the underlying litigation.").

### III. Conclusion

The Court concludes that Aerojet has met its burden of demonstrating that exceptional circumstances warrant a transfer of this matter. Accordingly, the Clerk of Court is directed to close the motion at Docket Number 7 and transfer this matter to the United States District Court for the Eastern District of California, Case No. 2:17-cv-1515, for consideration of Alberi's motion to quash the subpoena.

SO ORDERED.

Dated: May 3, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge